***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Baddour and defendant's brief and argument. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
 ***********
The Full Commission finds as a fact and concludes as matters of law the following, which were entered into by parties as:
 STIPULATIONS
1. All parties are properly before the Industrial Commission, and that the Industrial Commission has jurisdiction of the parties and of the subject matter.
2. All parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
3. All parties have been properly designated and there is no question as to misjoinder or nonjoinder or parties.
4. An employment relationship existed between the parties on January 9, 2001, and that Perdue Farms, Inc., is the employer and Jean Hardy is the plaintiff.
5. Plaintiff is alleging that she suffered an injury by accident to her head, neck, back and legs arising out of her employment on January 9, 2001, and that defendant has timely denied liability for same.
6. At all times relevant to this action, Perdue Farms, Inc., is and was self-insured for the purposes of meeting the requirements of the Workers' Compensation Act of the State of North Carolina.
7. At the time of plaintiff's alleged injury her average weekly wage was $339.09 and her compensation rate was $226.06.
8. The depositions of Keith A. Britt, MD and Anne Las have been submitted and received into evidence.
 *********** EXHIBITS
The following exhibits were admitted into evidence:
(a) Stipulated Exhibit 1: Pre-Trial Agreement
(b) Stipulated Exhibit 2: Plaintiff's Medical Records
(c) Stipulated Exhibit 3: Employer Sponsored Disability Plan Payments
(d) Defendant's Exhibit 1: Job Description
(e) Defendant's Exhibit 2: Job Performance Review
(f) Defendant's Exhibit 3: Out of Work Note
(g) Defendant's Exhibit 4: Out of Work Note
 ***********
Based upon all the competent evidence from the record, the Full Commission finds as follows:
 FINDINGS OF FACT
1. On January 9, 2001, plaintiff was employed by employer-defendant as a line leader. Plaintiff's duties involved the operation of the production line.
2. Plaintiff was also a member of employer-defendant's safety committee, having served on that committee from 1995 to 2001. The purpose of that committee was to promulgate and enforce safety rules at the plant. Accordingly, plaintiff was very familiar with employer-defendant's safety policies, including the need to promptly report any and all work related injuries.
3. Plaintiff claims that on January 9, 2001, she went into the locker room to get an apron from the supply closet. Plaintiff asserts that she slipped and fell on a recently mopped floor, hitting her back, legs, and head on the floor. Soon thereafter, plaintiff claimed that she informed her supervisor, Keith Daniels, of this incident. However, plaintiff did not fill out an accident report, nor did she report to employer-defendant's medical clinic, the Wellness Center, to get medical treatment. Mr. Daniels' testified that plaintiff never reported a work related fall or injury to him.
4. Following her alleged fall, plaintiff continued to work as a line leader.
5. Plaintiff claimed that approximately two days after her fall, she informed Jim Witt, employer-defendant's safety supervisor, of her fall. She also asserts that she wrote of her fall in a report to Mr. Witt. However, no such report has ever been located. Mr. Witt stated that plaintiff never reported a work related fall or injury to him.
6. The following employees of employer-defendant all stated that plaintiff never mentioned to them a work related fall or injury: Jim Witt, the complex safety supervisor; Lillie Cherry, plaintiff's assistant foreman; Delois Holloman, plaintiff's area foreman; Pat Wolfe, the senior plant nurse; and Keith Daniels, plaintiff's foreman.
7. Plaintiff further claimed that that approximately two days after her fall, she received medical treatment from Dr. Keith A. Britt for a neck injury related to the fall. Plaintiff asserts that she reported the fall to Dr. Britt. According to plaintiff, Dr. Britt continued to treat her for a neck injury.
8. Contrary to plaintiff's testimony, Dr. Britt, a board certified family practice doctor, stated that he first treated plaintiff on April 23, 2001. At this time, plaintiff presented with cold symptoms. She had no complaints of neck or back pain, nor did she relate any fall at work.
9. Subsequent to her April 23, 2001 appointment, plaintiff continued to treat with Dr. Britt for problems unrelated to her alleged fall, including diabetes. On July 11, 2001, Dr. Britt took plaintiff out of work due to her diabetes. Plaintiff has not returned to work due to unrelated health problems.
10. Dr. Britt stated that on August 30, 2001, plaintiff complained of back pain to him for the first time, but she did not relate a fall at work. Further, Dr. Britt stated that assuming plaintiff did fall at work in January 2001, and that she first began to experience symptoms in August 2001, such symptoms would probably be unrelated to the fall.
11. Dr. Britt last saw plaintiff on August 30, 2001, when he transferred her care to Anne Laskin, a family nurse practitioner, for treatment of her diabetes. Plaintiff was subsequently referred to Dr. Golot, an ear, nose, and throat specialist, due to plaintiff's complaints of dizziness.
12. Dr. Golot ordered an MRI of plaintiff's head and neck which showed a herniated disk at C2-3. Based upon the MRI, plaintiff was referred to Dr. Kurt Voos, a neurosurgeon.
13. On December 3, 2001, plaintiff was seen by Dr. Voos and reported a slip and fall incident at work for the first time, almost one year after the alleged incident.
14. The greater weight of the competent and credible evidence of record supports a finding that plaintiff did not sustain an injury by accident or specific traumatic incident on January 9, 2001. Specifically, the plaintiff is not accepted as a credible witness as to the testimony offered at the hearing before the deputy commissioner regarding the history of the alleged injury.
15. Assuming arguendo that plaintiff did fall at work on January 9, 2001, the record is void of any expert medical testimony to establish a causal connection between the alleged incident and plaintiff's back condition. To the contrary, the only expert medical testimony regarding this issue supports a finding that plaintiff did not report back pain until August 2001, and that plaintiff's back condition is unrelated to any fall occurring in January 2001.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSION OF LAW
Plaintiff was not injured as the result of an accident or specific traumatic incident arising out of and in the course of her employment. N.C. Gen. Stat. § 97-2(6). Plaintiff has failed to establish that her back condition is causally related to her alleged fall at work.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim for compensation under the North Carolina Workers' Compensation Act must be, and the same is hereby, DENIED.
2. Defendants shall pay the costs.
This the 20th day of August 2004.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
DISSENTING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
DCS/mlb